IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD R .WHITE, | ) | |
| Reg. No. 27861-001, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-CV-1075-WKW-CSC |
| | ) | [WO] |
| WARDEN WOODS, | ) | |
| FPC MONTGOMERY, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Donald White ["White"].  White is incarcerated at the  Federal Prison Camp in Montgomery, Alabama, serving a fifteen year sentence followed by three years of supervised release for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 17-1 at 3. White argues in this action that, based on his age and amount of time served, he meets the eligibility requirements for early release to home confinement under the First Step Act of 2018.[1] Doc. 1 at 6; Doc. 2 at 3–4. White seeks an order directing the Bureau of Prisons ("BOP") to transfer him to home confinement to serve the remaining portion of his imposed sentence less any earned good time earned. Doc. 1 at 8; Doc. 2 at 4.

---

[1] Pub. L. No. 115–391, §§ 504, 603, 132 Stat. 5194 (2018).

Respondent Walter Woods ["Woods"] filed a response and supporting evidentiary materials arguing the petition is due to be dismissed because White failed to exhaust his available administrative remedies through the BOP prior to filing his Petition. Doc. 17. Woods also argues that White is entitled to no relief on his claims. *Id.* The Court granted White an opportunity to respond (Doc. 14), and he did so (Doc. 19).

## II. DISCUSSION

### A.     Jurisdiction & Venue

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Jurisdiction is determined at the time the action is filed.  *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). White claims he is entitled to serve the remainder of his imposed sentence on home confinement under the First Step Act because he meets the eligibility requirements found in 34 U.S.C. § 60541(g). Because White challenges the execution of his sentence, this Court has jurisdiction over his 28 U.S.C. § 2241 claims. Further, because White is incarcerated in this district, venue is proper.  *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated.").

**B.**     **Placement on Home Confinement**

White asserts that under the First Sept Act he is eligible to be moved to home detention because of his age (White was 62 at the time he filed this action) and because he has served two thirds of his original sentence.  Doc. 1 at 6; Doc. 2 at 3–4.  White requests the Court issue an order directing the BOP to place him on confinement for the remainder of his sentence less any good time earned.  Doc. 1 at 7; Doc. 2 at 4.  In response to this assertion, Woods argues White is not entitled to relief as he has no right to placement on home confinement as the BOP retains total discretion in determining where a federal inmate is housed.  Doc. 17 at 6–7.

The First Step Act of 2018 modifies 34 U.S.C. § 60541(g)(1) to provide that:

(A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from a Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.

(B) In carrying out a pilot program as described in subparagraph (A), the Attorney General [and by designation the BOP] may release some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention upon written request from either the Bureau of Prisons or an eligible elderly offender or terminally ill offender.

As to the placement of elderly inmates on home confinement, the First Step Act, 34 U.S.C. § 60541(g)(5)(A), now reads as follows:

The term "eligible elderly offender" means an offender in the custody of the Bureau of Prisons –

(i) who is not less than 60 years of age;

(ii) who is serving a term of imprisonment that is not life imprisonment based on [certain identified offenses] and has served 2/3 of the term of imprisonment to which the offender was sentenced;

(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

(vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction to the Federal Government; and

(vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or endangering any person or the public if released to home detention.

Under the First Step Act, as amended, the Attorney General—and by delegation the BOP—has exclusive authority and sole discretion to designate the place of an inmate's confinement. *Parsons v. Howard*, 2019 WL 469913, at *2 (M.D. Pa., February 6, 2019)

Pursuant to the[] amendments [to the First Step Act], discretion to release a prisoner to home confinement lies solely with the Attorney General [and by delegation the BOP]. 34 U.S.C. § 60541. Accordingly, this court lacks authority to order petitioner's release [to home confinement]. *See, e.g., Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) (dismissing § 2241 petition [seeking home confinement based on age] relying on § 60541); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act [of 2018] gives the ***Attorney General*** [or the BOP by designation of the Attorney General] the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original); *Burg v.*

4

> *Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. Jan. 29, 2019) (discussing § 60541 and concluding that prisoners have no constitutional or statutory right to be placed in home confinement, and the BOP has the discretion to determine whether to assign a prisoner to home confinement).

*Deffenbaugh v. Sullivan*, 2019 WL 1779573, at *1 (E.D. N.C. Apr. 23, 2019).

The First Step Act of 2018 does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant restrictions for such placement; instead, it merely provides the BOP with discretion to do so. Thus, White is not entitled to placement on home confinement. The Court also notes that the BOP's placement determinations, including those regarding home confinement, are expressly insulated from judicial review. *See Reeb v. Thomas*, 636 F.2d 1224, 1227 (9th Cir. 2011).

## C. Exhaustion

Even if White presented a claim alleging a denial of home confinement due to constitutionally impermissible reasons or sought calculation of good time credits under recent changes to the First Step Act at the time he filed this action,[2] the Court would not address the merits as White failed to exhaust his available administrative remedies. It is well established that a federal prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 "must [first] exhaust his available administrative remedies before he can obtain relief

---

[2] Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) and therefore altered the availability of good time credit for federal inmates. The provisions regarding good time credit, however, did not take effect until the Attorney General completed the "risk and needs assessment system," which had to be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. *See Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Accordingly, section 102(b)(1) was not effective until mid-July 2019. *See Crittendon v. White,* No. 1:19-cv-669, 2019 WL 1896501, at *1 (M. D. Pa. Apr. 29, 2019).

[from this court in a habeas action].").  *Davis v. Warden, FCC Coleman-USP*, 661 F. App'x 561, 562 (11th Cir. 2016), citing *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015); *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632, 634 (2d Cir. 2001); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994).  Although "the administrative-exhaustion requirement was judge-made, rather than jurisdictional . . . [t]he [administrative] exhaustion requirement is still a requirement; it's just not a jurisdictional one."  *Santiago-Lugo*, 785 F.3d at 474–75. "[T]he benefits of [requiring] exhaustion . . . include allowing a prison to address complaints about the program[s] it administers before being subject to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  *Jones v. Bock*, 549 U.S. 199, 219 (2007) (internal citations omitted).

"In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules."  *Davis*, 661 F. App'x at 562, citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirements of the Prison Litigation Reform Act governing inmate civil rights actions).  In *Woodford*, the Court determined that because proper exhaustion of administrative remedies is necessary an inmate cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83–84.  The Court reasoned that to hold otherwise would eviscerate the exhaustion requirement.  *Id*. at 90–91; *see also Johnson v. Meadows*, 418

F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).  Thus, when a federal inmate fails to fully and properly exhaust all of the administrative remedies provided by the BOP before filing his habeas petition, the petition is due to be denied for such failure.  *See Davis*, 661 F. App'x at 562; *Santiago-Lugo*, 355 F.3d 1295.

Woods submitted a Declaration by J. Latease Bailey, Consolidated Legal Center Leader/Supervisory Attorney for the BOP, detailing the formal administrative remedies available to White and his failure to properly exhaust these remedies.  Doc. 17-3. The information provided in the Declaration reflects the BOP provides a specific administrative remedy procedure through which inmates can present claims regarding their confinement to prison officials.  28 C.F.R. § 542.10(a) (the administrative remedy program allows inmates to seek formal administrative review of issues relating to any aspect of the inmate's confinement). Pursuant to the administrative process, an inmate must first present any issue relating to any aspect of their confinement to the warden of the facility where the inmate is detained by utilizing a form BP-9.  28 C.F.R. § 542.13(a), 14(a).  If the inmate is dissatisfied with the warden's response, further review is available by the BOP's regional director.  28 C.F.R. § 542.15.  If the inmate is not satisfied with the response from the regional director, the inmate can seek review with the BOP's Office of General

Counsel. *Id.* A final decision from the Office of General Counsel completes the BOP's administrative review procedure. 28 C.F.R. § 542.15(a). *See* Doc. 17-3 at 2–6.

White contends the administrative remedy provisions are futile and produce no results but does not dispute his failure to exhaust the administrative remedies provided by the BOP. Doc. 19 at 1. Review of the record reflects White failed to properly exhaust the multi-level administrative remedy established by the BOP because he filed no remedy requests regarding the claims presented in this habeas petition. Doc. 17-3 at 4, 6. Thus, White failed to satisfy the requirement that he exhaust his available remedies before seeking habeas corpus relief in this Court. In addition, no circumstances have been presented which justify waiver of the exhaustion requirement.

## III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Donald White be DENIED.

It is ORDERED that the parties may file objections to the Recommendation **by December 29, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1;

*Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);

*Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

     Done, this 15th day of December 2021.


                 /s/  Charles S. Coody
                 CHARLES S. COODY
                 UNITED STATES MAGISTRATE JUDGE